Wilhelm v. Fimple.

---

WILHELM v. FIMPLE.

1. Vendor and vendee: RESCISSION OF CONTRACT: TENDER. A vendee of real estate may rescind the contract and recover the purchase-money paid, without first tendering to the vendor the purchase-money due and demanding a deed, where the vendor, by his own act, or by operation of law, has been rendered unable to perform the contract on his part.

2. —— RULE APPLIED. It is accordingly *held*, that such remedy might be pursued by a vendee without a tender and demand on his part, where the property had been sold under foreclosure of a mortgage, executed by the vendor and existing at the time of the purchaser.

3. Instruction: ERROR WITHOUT PREJUDICE. The refusal of an instruction, which is substantially embodied in those given, furnishes no sufficient ground for reversal. So of the refusal of one which, though abstractly correct, could, under the facts of the case, have worked no prejudice to the party complaining.

4. Vendor and vendee: INCUMBRANCE. A vendee of real estate is not bound to pay the balance of purchase-money due and receive a deed, though it contains covenants of warranty, until a mortgage on the premises, executed by the vendor and existing at the time of the purchase, is removed.

5. —— MEASURE OF DAMAGES: IPMROVEMENTS: TAXES. The vendee having taken possession of the premises at the time of his purchase, it was *held*, that he was not, in the present action, which was one based on a rescission of the contract, entitled, on the one hand, to the value of improvements made by him before his eviction under the mortgage foreclosure, nor, on the other hand, liable to the vendor

Wilhelm v. Fimple.

for the amount of taxes paid by the latter during such time. The amount of purchase-money paid, with interest, is the measure of the vendee's recovery in such action.

*Appeal from Muscatine Circuit Court.*

SATURDAY, JANUARY 28.

ON the 3d day of April, 1869, the plaintiff filed in the Muscatine circuit court her petition, alleging : " That, in October, 1866, she purchased, by verbal contract of defendant, for $500, the west one-half of lot 4, block 151, in Muscatine, Iowa, and paid thereon, at that date, one cow, valued at $50, and $10 in cash, and immediately took possession ; that she paid defendant, on said purchase, the further sum of $150, November 24, 1866, and the further sum of $40 July 5, 1867, and the taxes for 1867 to the amount of $10 ; that she made improvements worth $50 while in possession ; that defendant represented that he was the owner in fee, and could make perfect title to said premises, when he had only color of title, and had mortgaged his interest to A. Fry for greatly more than its worth ; that since the aforesaid purchase and payments said mortgage has been foreclosed, and plaintiff ejected, by virtue of said foreclosure."

The plaintiff claims judgment for $310, with interest, from July 5, 1867.

The defendant answered as follows: " He alleges that in October, 1866, he sold his interest in the premises to Samuel Wilhelm, plaintiff's husband, for $500 ; that $60 was paid, as plaintiff alleges, and the remainder was to be paid in three months ; that he told said Wilhelm what his interest was, and that it consisted of a tax title and over ten years' possession ; that he informed him of the Fry mortgage, and that said premises should be released from the lien of said mortgage whenever he should pay the balance of the purchase price ; that, about November 24, 1866,

plaintiff paid him $150 on said contract and her husband afterward paid him $40 and then refused to pay any thing more; that the husband made the contract and did not reveal that it was for his wife until over a year after; that both went into possession October, 1866, and remained until February or March, 1869, and then left, as they had voluntarily agreed to do; that they have refused to comply with said contract by paying the balance due, although defendant offered to have the Fry mortgage released upon such payment; that they virtually abandoned said contract, yet continued to occupy the premises without payment of rent or taxes, the latter being paid by defendant, to the amount of $50, to protect his interest. Defendant further alleges performance, and readiness to perform, said contract in every respect, and the default of plaintiff and her husband long before the foreclosure of said mortgage, wherefor he says plaintiff has forfeited all claim, and should not maintain her action.

Defendant claims of plaintiff $333.34, with interest from October, 1868, as follows: For use and occupation of premises two years, $233.34; taxes, interest and costs paid by defendant, $50; damages and waste, by plaintiff tearing down stable, etc., $50, making a total of $333.34, for which he asks judgment."

All of the averments of the answer were denied in the replication.

There was a jury trial, and verdict for plaintiff for $310. The plaintiff consented to an abatement of $10, and judgment was entered for $300. Defendant appeals.

*Richman & Carskadden* for the appellant.

*Cloud & Broomhall* for the appellee.

DAY, J. — I. The principal question in this case arises upon the refusal of the court to instruct the jury at the

Wilhelm v. Fimple.

1. VENDOR AND VENDEE: rescission of contract: tender. defendant's request, that "the plaintiff is not entitled to recover in this action, unless she proves that she has tendered the amount due the defendant on the contract, and demanded a deed of the lot from defendant."

Where a vendor has done or suffered no act which renders him incapable of performing his contract, it seems to be in accord with the weight of authority, that the purchaser cannot rescind the contract and recover the purchase-money paid, without first tendering the unpaid purchase-money, and demanding performance on the part of the vendor. To this effect, are the following authorities: *Walters* v. *Miller*, 10 Iowa, 427; *Robinson* v. *Harbours*, 9 Am. Law Reg. (N. S.) 355; *Hudson* v. *Swift*, 20 Johns. 23; *Doggett et al.* v. *Brown*, 28 Ill. 493.

We have failed, however, to discover any authority holding that such tender is necessary when the vendor, by his own act or by operation of law, has been rendered unable to perform the contract upon his part. Time is not, in this case, the essence of the contract. The making of payment, and the executing of the conveyance are, under the contract, dependent and concurrent acts. Neither party could enforce performance on the part of the other, without a tender of performance on his own part. And neither party is in default until such tender is made him and he refuses to complete the agreement, or until he does or suffers some act which renders him unable to complete it. The plaintiff has never been placed in default by such tender and refusal, nor has she been rendered unable to perform her agreement. Her right of action, therefore, still subsists, and she has a choice of remedies; she may tender performance on her part, and, in a court of equity, demand a specific performance on the part of the vendor, or, waiving a specific performance, she may, in a court of law, recover the damages sustained; or she may, after default made by the vendor, elect to rescind the contract, and sue

for a recovery of the advancements made thereon. Having elected the last course, is it essential, under the circumstances of this case, to the maintaining of the plaintiff's action, that she should tender the unpaid purchase-money? The mortgage, which existed upon the land at the time of the sale, was foreclosed, and the property purchased by the mortgagee, prior to the institution of this suit. The defendant, by failing to remove the mortgage incumbrance and permitting the land to be sold thereunder, has placed it out of his power to perform his part of the agreement. A tender, therefore, upon the part of plaintiff, and a demand that defendant should do a thing which he is powerless to perform, would be a vain act. The law does not require the doing of a *useless* thing. When the reason of a rule ceases, the rule itself should become inoperative. We are of opinion that a tender, under the circumstances of this case, is not necessary. In support of this view, see Hilliard on Vendors (2d ed.), 250; id. 480.

The second instruction asked by defendant embodies the objectionable features of the one just considered, and was properly refused.

II. The defendant asked the court to instruct the jury: "That if the evidence shows that the defendant was ready to perform his part of the contract and convey said lot to the plaintiff in accordance therewith, upon performance of the contract by plaintiff, and that plaintiff refused to perform, plaintiff cannot recover in this action." This instruction was substantially embodied in the charge of the court, and the refusal to give it as requested by defendant constitutes no error. See cases cited in Hammond's Digest, 497.

3. INSTRUCTION: error without prejudice.

III. The defendant also asked the court to instruct the jury as follows: "That, if the evidence showed that the defendant was not in default in the performance of his part of the contract, he is entitled to recover of the plaintiff the reasonable value of the use and occupation of the lot during

the time plaintiff occupied the same." Abstractly considered, this instruction, it may be conceded, embodies a correct proposition of law. Yet the refusal to give it has worked no injury to defendant. The verdict of the jury in favor of the plaintiff for the purchase-money can be predicated only upon the fact that the defendant *was* in default and that the plaintiff was not. The defendant cannot, therefore, claim that he has been prejudiced by a failure to instruct properly what his rights *would have been*, under a condition of things which the verdict shows conclusively did not exist. This court will not reverse for a technical error which has worked the complaining party no injury. See cases cited in Dillon's Digest, 419.

IV. The court, at the request of the plaintiff, instructed the jury as follows:

1. "If the jury believe from the evidence that said lot was incumbered by a mortgage, then plaintiff was not **4. VENDOR** bound to pay her money or accept a deed for **AND VENDEE:** **incumbrance.** the lot, although the same contained covenants of warranty, until such incumbrance was removed."
2. "A refusal by plaintiff to pay her money or accept a deed for the lot, before such incumbrance is removed, is not, on her part, a waiver of the contract."
3. "If the property was sold under a mortgage existing on the property at the date of plaintiff's contract of purchase, she was not thereby dispossessed of her rights under said contract, provided she had performed her part of the contract." The giving of these instructions is assigned as error. They were properly given. The purchaser was entitled to a valid conveyance for the lands *at the time* of payment. She was not bound to pay, and vest in the promise of the vendor to remove the incumbrance and execute conveyance afterward. Hilliard on Vendors (2d ed.), 277.

A refusal on the part of plaintiff to do a thing which the law placed her under no obligation to do cannot be held to constitute an abandonment of her contract.

V. The court at the request of plaintiff further instructed the jury as follows, to wit: "If the plaintiff was deprived of her title or the possession of said property under a decree of foreclosure of the Fry mortgage, she can recover of the defendant the amount she expended for improvements, unless she was in default on her part."

*5. —— measure of damages: improvements: taxes.*

It must be borne in mind that this action is not brought *upon the contract* for damages, but is based upon a *rescission of the contract*, and is instituted to recover the advancements made thereon. Counsel have referred us to no precedents which, under such circumstances, justify a recovery for improvements. It would seem to be a hardship to require defendant to pay for improvements which, perhaps, he did not desire, and which may not, for his uses, have enhanced the value of the property. We are of opinion that the rule of damages which maintains in an action on a breach of covenant of warranty, which, in the absence of fraud, limits the recovery to the consideration money and interest, is applicable to this case.

That no recovery for improvements can be had in a case of this kind is fully sustained by *Gillett* v. *Maynard*, 5 Johns. 85.

VI. Lastly, it is claimed the court erred in instructing the jury that "if defendant was in default he cannot recover for taxes paid by him on the lot in question." We do not discover error in this instruction. The title to the land never vested in plaintiff. Defendant never tendered him a conveyance therefor. By his default he has allowed the title to pass from him so that he cannot convey. Under such circumstances we fail to discover upon what legal principle he is entitled to recover from plaintiff the taxes paid by him thereon.

It is quite apparent from the verdict that the jury allowed the plaintiff for improvements the entire amount claimed, $50.

Reversed.