ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

CHARLES S. RACKEMANN & another *vs.* RIVERBANK
IMPROVEMENT COMPANY.

Suffolk.    March 23, 1896. — October 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Contract to purchase Land — Unauthorized Act of Agent — Rescission — Suffi-
ciency of Allegations of Bill in Equity — Fraud — Public Policy — Parol
Agreement — Equity.*

A bill in equity brought by A. against B. alleged that the agent of B. employed to
offer B.'s land for sale, in order to induce A. to buy a lot at a certain price per
foot, offered in behalf of B. that, if A. would purchase, B. would not sell any of
his land shown on a certain plan at less than that price.  A. accepted the offer,
agreed to buy a lot on the terms named, and afterwards took a deed therefor.
The agent's offer was not in writing, and he had no authority from B. to make
it, either express or implied; but A. never doubted that the agent had authority.
Within a little less than a year after A. took his deed, B. offered lots and sold
two of them at less than the price named in the sale to A.  A., having been
informed thereof, notified B. that such sale was a breach of B.'s agreement.
B. denied the authority of the agent to make the agreement, and repudiated it.
Negotiations ensued, and about five months thereafter A. notified B. of his
election to rescind, and demanded back the money paid by him, and the can-
cellation of a note given in part payment, and a discharge from the covenants
of a mortgage given to secure the note.  *Held,* that the averments were suf-
ficient to entitle A. to rescind the purchase, and get back the consideration he
had paid, upon reconveying the land to B.

Where B. repudiates the means by which A. was brought to contract with him, which means was the unauthorized act of the agent of B., A. is entitled to give up the contract altogether if it is possible to restore B. to his former position, unless there is some other objection to A.'s rescinding; and the rule in this respect is the same, whether the unauthorized act of the agent was fraudulent, or merely a matter of warranty or promise.

There may be a rescission of a purchase of land after the purchaser has been in possession for a considerable length of time, and although the land restored has fallen in value.

An agreement by B. that, if A. will purchase a lot of a certain tract of land at a certain price per foot, he will not sell any of the remaining land at less than that price per foot, is to be construed in view of the circumstances, and, no limit of time being fixed, it will only last for a reasonable length of time; and, so construed, it is not open to objection on the ground of public policy.

An agreement by parol which is collateral to a written contract, and on a distinct subject, may be proved.

Where A., having purchased a lot of land of B., seeks not only a return of the money which he has paid, but a cancellation of a note given in part payment, and a discharge from the covenants of a mortgage given to secure the note, his remedy is in equity.

BILL IN EQUITY, filed September 24, 1895, to rescind the purchase of a lot of land, to recover the money paid therefor and the amount of the taxes for 1895, to cancel a note given in part payment of the land, and to obtain a discharge from the covenants of a mortgage given to secure the note. The defendant demurred to the bill, assigning as grounds therefor: 1. want of equity; 2. that the remedy, if any, was at law; 3. that it did not appear that the plaintiffs had sustained any injury that would entitle them to have the contract rescinded. Hearing before *Holmes*, J., who overruled the demurrer, and at the request of the parties reported the case for the consideration of the full court. If the demurrer was sustained, the bill was to be dismissed; if overruled, the defendant was to answer. The facts appear in the opinion.

*C. A. Williams*, for the defendant.

*J. C. Gray*, for the plaintiffs.

ALLEN, J. This case comes up on demurrer. According to the averments of the bill, an agent employed by the defendant to offer the defendant's land for sale, in order to induce the plaintiffs to buy a lot at $3.50 a foot, offered in behalf of the defendant that, if they would do so, the defendant would not sell any of its land shown on a plan at less than that price. The plaintiffs accepted the offer, and agreed to buy a lot on

the terms offered, and afterwards took a deed thereof from the defendant.   The agent's offer was not in writing, nor did the defendant give him any authority to make it, and at the argument the plaintiffs conceded that he had no implied authority; but the plaintiffs never doubted that he had authority.   Within a little less than a year after the plaintiffs took their deed, the defendant was offering lots, and actually sold two lots, at less than that price.   The plaintiffs were soon informed of these facts, and notified the defendant that such sales were a breach of its agreement.   The defendant denied that its agent had any authority to make such an agreement, and repudiated the same.   Up to this time the plaintiffs had no doubt that the agreement was made with the authority of the defendant, and there had been no communication, nor occasion for communication, between the plaintiffs and the defendant upon the subject of the agreement.   Negotiations ensued, and about five months later the plaintiffs notified the defendant of their election to rescind the transaction, and demanded back the money paid by them, and the cancellation of a note given in part payment, and a discharge from the covenants of a mortgage given to secure the note.

The defendant contends that there was no contract until the principals made one, and that the defendant never contemplated that the agreement now relied on should form a part of the transaction.   The bill sufficiently avers that there was a contract between the plaintiffs and the agent, and that it was understood by the plaintiffs that the agent's agreement with respect to the price in the future should form a part of the transaction.   This was not so understood or contemplated by the defendant, and the agent had no express or implied authority to make the agreement.   Accordingly, we are to assume that the plaintiffs accepted the deed with the understanding that they had an oral contract of the defendant, through its agent, in respect to the price at which future sales should be made, when in point of fact they had not got one.

The question does not arise in this case whether the plaintiffs, retaining the land, could maintain an action for damages against the defendant for breach of its agent's contract.   The plaintiffs make no claim for damages.   Neither do they make

any charge of fraud. But they seek to rescind the transaction, on the ground that they did not get what they thought they were getting, namely, an agreement to keep up the price of the neighboring lots. The defendant repudiates the contract which its agent made in its behalf, as unauthorized and void. The plaintiffs concede the defendant's right to do this. The question is, Can the plaintiffs under this state of things be held to their purchase, or are they entitled to rescind it, and get back the consideration which they paid, upon reconveying the land to the defendant? Upon the averments of the bill, we think that they have this right of rescission. The defendant would not have secured the advantage of the sale to the plaintiffs except for the offer and promise of its agent. The defendant employed him to offer its land for sale. He made the offer of a lot to the plaintiffs, accompanied by the promise which has been mentioned. The plaintiffs agreed to take the land with the promise. It turns out that they got the land without the promise. The defendant cannot retain what is beneficial in the transaction, while disclaiming what is onerous. When it repudiates the means by which the plaintiffs were brought to contract with it, this entitles the plaintiffs to give up the contract altogether, unless there is some other objection to their doing so. The rule in this respect is the same, whether the unauthorized act of the agent was fraudulent, or merely a matter of warranty or promise. *Udell* v. *Atherton,* 7 H. & N. 172; *Brady* v. *Todd,* 9 C. B. (N. S.) 592, 606, *ad finem. Western Bank of Scotland* v. *Addie,* L. R. 1 H. L. (Sc.) 145. *Houldsworth* v. *City of Glasgow Bank,* 5 App. Cas. 317. *Kennedy* v. *McKay,* 14 Vroom, 288. *Titus* v. *Cairo & Fulton Railroad,* 17 Vroom, 393, 420. *Krumm* v. *Beach,* 96 N. Y. 398. *Eberts* v. *Selover,* 44 Mich. 519. *Knappen* v. *Freeman,* 47 Minn. 491.

Such rescission, however, is only allowable when it is possible to restore the other party to his former position. The defendant contends that enough appears on the face of the plaintiffs' bill to show that this cannot be done in the present case, because the plaintiffs were in possession of the lot purchased, and had the benefit of the agent's agreement, for nearly a year before they sought to rescind. But these facts do not of themselves prevent a rescission. There may be a rescission of a purchase of

land after the purchaser has been in possession for a considerable length of time ; *Nealon* v. *Henry*, 131 Mass. 153; *Lindsay Petroleum Co.* v. *Hurd*, L. R. 5 P. C. 221; and although the land restored has fallen in value. *Neblett* v. *Macfarland*, 92 U. S. 101, 104.. *Western Bank of Scotland* v. *Addie*, L. R. 1 H. L. (Sc.) 145, 166. The bill discloses nothing to show that the defendant cannot be restored to its former position.

The defendant contends that the offer of the agent that the defendant would not sell any of its other land for less than $3.50 a foot, if made, was void as against public policy, in that it might remove from sale in the market a very large tract of land in Boston for a very long time, namely, until the defendant could obtain that price for every foot of its remaining land. But such an agreement is to be construed in view of the circumstances, and, no limit of time being fixed, it would only last for a reasonable length of time. *Park* v. *Whitney*, 148 Mass. 278. *Loring* v. *Boston*, 7 Met. 409. *Atwood* v. *Cobb*, 16 Pick. 227, 231. Sugd. Vend. & Pur. (14th ed.) 271. 1 Chit. Con. (11th Am. ed.) 434; 2 Chit. Con. (11th Am. ed.) 1062. So construed, it is not open to objection on the ground of public policy. *Winsor* v. *Mills*, 157 Mass. 362, 364. On the face of the bill, we cannot say that one year was an unreasonable time.

It is also contended that the agreement of the agent, if made, was merged in the defendant's deed, and cannot be proved by parol evidence. It is clear that the agreement contradicts nothing in the deed because the deed contains nothing upon this subject. The agreement appears to have been collateral, and on a distinct subject, and, though merely oral, it might be proved. *Durkin* v. *Cobleigh*, 156 Mass. 108, and cases there cited.

Finally, it is contended that the plaintiffs' proper remedy was at law. But the plaintiffs sought not only a return of the money which they had paid, but a cancellation of the note and a discharge from the covenants of the mortgage. A bill in equity is the proper remedy under such circumstances.

According to the terms of the report, the defendant may file an answer to the bill.

*Demurrer overruled.*