## JAMES H. CUMMINGS v. THE PIONEER BUILDING & LOAN ASSOCIATION.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 5, 1907.                    DECIDED JUNE 18, 1907.

FREAR, C.J., WILDER, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF HARTWELL, J.

FORECLOSURE SALE, AGREEMENT FOR IMMEDIATE POSSESSION—*agreement not merged in deed, consideration, attorney's authority, statute of frauds.*

At a foreclosure sale under a power the auctioneer announced, by authority of the mortgagee's attorney in general charge of the foreclosure, that immediate possession would be given, and inserted in the memorandum signed by him "possession given at once." A deed without covenants was delivered to the purchaser but immediate possession was not given. Held, in an action for breach of contract, the agreement as to immediate possession was not merged in the deed, was not nudum pactum, was within the scope of the attorney's apparent authority, and was in compliance with the statute of frauds.

### OPINION OF THE COURT BY FREAR, C.J.

The defendant corporation sold at auction the premises at the southerly corner of Hastings and College streets in Honolulu on foreclosure under a power of sale. One of those present asked the auctioneer when possession would be given and he in turn asked the defendant's attorney, who replied that immediate possession would be given. The auctioneer then announced the terms of sale, stating, among other things, that immediate possession would be given. Plaintiff, relying upon this, became the purchaser for $2525. The memorandum of sale signed by the auctioneer contained the words "possession given at once." The plaintiff paid the price and received from

the attorney a deed of the premises without covenants, but a woman, who was in possession, claiming to have been the deceased mortgagor's wife, refused to surrender and the defendant refused to put the plaintiff in possession. The plaintiff therefore brought ejectment against the woman, which resulted in his obtaining possession about twenty months after the sale. He then brought this action for breach of the contract to give immediate possession and obtained judgment for $700 and interest and costs upon a trial, jury waived,—which judgment the defendant now seeks to have set aside upon exceptions.

It is contended, under the exceptions, that the promise of immediate possession was (1) merged in the deed, (2) without consideration, (3) unauthorized by the defendant and (4) not in compliance with the statute of frauds.

The promise was not merged in the deed. That was neither included in nor inconsistent with the terms of the deed and there was no intention on the part of the plaintiff to waive that part of the contract. That would not be expected to be included in the deed. It was a promise to give actual possession at once, not merely to promise again in the deed to give possession. The execution and delivery of the deed was performance of only a part of the contract. The deed conveyed title; it could not give possession. The very nature of a promise to give actual possession immediately shows that it was not to be accomplished by any covenant in the deed and hence the omission of reference to it in the deed cannot be regarded a waiver. See *Williams v. Frybarger,* 9 Ind. App. 558; *German-American Real Estate Co. v. Starke,* 32 N. Y. Supp. 403; *Disbrow v. Harris,* 122 N. Y. 362; *Brealhill County v. Hargis,* 59 S. W. (Ky.) 743; *Rackemann v. R. I. Co.,* 167 Mass. 1; *Gedye v. Duke of Montrose,* 26 Bev. 45.

The promise was not a nudum pactum. The consideration for that promise as well as for the promise to transfer the title or right of possession was the promise to pay the sum bid.

In our opinion under all the circumstances the promise was within the authority of the attorney. He was employed generally

to attend to the foreclosure. He engaged the auctioneer; he signed the advertisement of foreclosure; he represented the mortgagee at the sale; he received a portion of the purchase price at his office that day from the plaintiff, another portion the next day, and the balance about two weeks later at the office of one from whom the plaintiff borrowed it and at the same time delivered the deed, which apparently he had prepared and had had signed by the defendant's president and secretary. Later, when the dispute as to possession arose, the matter was referred to him by the secretary. The secretary, who was also a director and who engaged the attorney in the first instance and apparently was representing the defendant in the matter in its dealings with the attorney and afterwards to some extent with the plaintiff personally, was present with the attorney at the sale when the auctioneer inquired of the latter as to when possession would be given. The mortgage, the sale and the deed purported to be of the land itself and not merely of the mortgagor's and mortgagee's right, title or interest therein. The statement as to possession was practically a part of the description of what was being sold and was one that might naturally be expected to be made under the circumstances at such a sale. Whether, in case there was not authority, there was a ratification by acceptance or retention of the purchase price with knowledge of the facts need not be decided.

The statute of frauds was sufficiently complied with.

The exceptions are overruled.

*C. H. Olson (Holmes & Stanley* also on the brief) for plaintiff.

*A. G. M. Robertson* for defendant.