ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN
LEGION OF HONOR.

BLAIR'S CLAIM.

Suffolk.    March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.*

Upon the question whether a member of a fraternal beneficiary corporation or the
beneficiary claiming a death benefit under his certificate had acquiesced in a
by-law reducing the amount to be paid for death benefits, which was adopted by
the corporation in good faith and afterwards was held to be invalid, so as to bar
the beneficiary from sharing, to the amount of the balance of the death benefit,
in an emergency fund in the hands of the receiver of the property of the corpo-
ration appointed under R. L. c. 119, § 19, to settle its affairs, it appeared that
the member died about three years and seven months before the appointment
of the receiver, after having paid " without protest or objection " assessments
based on the reduced amount during a period of three months, and that about
four months later the beneficiary was paid the reduced amount, gave a receipt in
full and surrendered the certificate for cancellation, that about one year and five
months later the beneficiary brought a suit against the corporation in another
State, and that between the time of the settlement and the time of the bringing of
this suit about three hundred new members had joined the order and about four
hundred members had died.    The beneficiary sought to avoid the settlement by
reason of the further fact, reported by the receiver, that the local collector told
the beneficiary " that the financial condition of the order was not in good shape,
and that if the $1,900, the amount due on the certificate under the then existing
by-laws, was not taken the beneficiary might get nothing, as the amount coming
into the order was not sufficient, and no new members were joining."    The facts
reported by the receiver, which were admitted to be true, showed that, inter-
preting the statement that " no new members were joining " to mean that new
members to a sufficient number were not joining the order, the statements made
by the local collector were true.    It appeared also that the local collector, before
making the statements quoted above, stated and explained to the beneficiary the
by-laws " with reference to the reduction of the amount of the certificate," and
told her of litigation pending in another State in which the effect of the by-law
was involved, and stated that he did not know what it would amount to, although
he could not see how they could get over the by-laws.    This court *found as a fact*
that the statements made by the local collector when the certificate was surren-
dered for cancellation, taken as a whole, were not untrue, and *held*, that the claim
came within the principle of *Doleac's Claim, ante,* 175, and that the beneficiary
was not entitled to share in the emergency fund.

LORING, J.    Blair's claim (claim 138) is another of the seven-
teen appeals from the decree of the single justice dated October

29, 1909, and is the same case that was before the Supreme Court of Pennsylvania on demurrer in *Blair* v. *American Legion of Honor*, 208 Penn. St. 262, referred to in *Hall's Claim, ante,* 158.

We have decided in *Dunlavy's Claim, ante,* 168, that a member was not entitled to $5,000 under by-law 55 so long as the emergency fund was not exhausted. Therefore the fact alleged in the bill in equity on which the decree of the Supreme Court of Pennsylvania was founded did not exist.

This member paid " without protest or objection" assessments of the reduced amount for a period of three months from October 1, 1900, to January 7, 1901, when he died. On May 4, 1901, the beneficiaries were paid $1,900, gave a receipt in full, and surrendered the certificate for cancellation. Nothing was heard from them until October 1, 1902, when the suit was brought in Pennsylvania. It is stated " that between the date of the settlement of said claim, May 4, 1901, and the date suit was brought, October 1, 1902, about three hundred (300) new members had joined the order, and about four hundred (400) died." The case therefore comes within *Doleac's Claim, ante,* 175, unless there is something to take it out of it.

The beneficiaries seek to avoid that settlement by reason of the fact reported by the receiver that the local collector " told Mrs. Blair that the financial condition of the order was not in good shape, and that if the nineteen hundred dollars ($1,900), the amount due on the certificate under the then existing by-laws, was not taken the beneficiary might get nothing, as the amount coming into the order was not sufficient, and no new members were joining." The local collector (as was decided in *Dreyfus's Claim, ante,* 180) is not an officer or agent of the defendant corporation. But under the doctrine of *Rackemann* v. *Riverbank Improvement Co.* 167 Mass. 1 (referred to in *Hall's Claim, ante,* 158), if the defendant repudiates the means by which an act on which it relies was brought about, it cannot insist upon the act. If on this evidence the local collector is to be taken to have said that not a single new member was joining, it was not true. But if what he said is to be taken to mean that new members to a sufficient number were not joining the order, it was abundantly true. It has been explained that the necessity for some action being taken by the defendant corporation was that its

membership was decreasing and the assessments did not pay the death benefits; that under these circumstances the emergency fund was bound to be exhausted, and if it was exhausted before the defendant was put into the hands of a receiver to be wound up, the beneficiary would get nothing; or, if the order was put into the hands of a receiver before a member died, the member would get practically nothing. Before telling the beneficiary and her son (upon whom she now relies) what is now relied upon as a false representation, the local collector " stated and explained " to her the by-laws, " with reference to the reduction of the amount of the certificate," and told her " of the litigation by a party by the name of Getz," (*Getz* v. *American Legion of Honor*, 109 Fed. Rep. 261,) and said to her that he " didn't know what it would amount to," although he added that he " couldn't see how they could get over the by-law, as [in] all the organizations . . . [he] . . . was a member of, the parties going in were bound by the by-laws in existence, or that might be passed at a future time." We find as a fact that the statement made when the certificate was surrendered for cancellation, taken as a whole, was not untrue. The case comes within *Doleac's Claim*, *ante*, 175.

*Decree affirmed.*

*H. A. Wyman*, receiver, *pro se*.

*R. G. McClung*, for the claimant.

*J. J. Higgins & A. L. Goodwin*, for the members in good standing.