E. S. AURAND, Appellee, v. PERRY TOWN LOT & IMPROVEMENT
COMPANY, Appellant.

**VENDOR AND PURCHASER:** Rescission by Purchaser—Breach of
1 Contract—Damages Recoverable. The *cost of uncompleted improvements* which enhance the value of the premises may be recovered by a purchaser who rescinds on account of the breach of contract by vendor, said improvements being such as the vendor knew the purchaser would erect.

**DAMAGES:** Measure of Damages—Incorrect Rule Working Substantial Justice. A measure of damages, not wholly correct, but working substantial justice, is not necessarily reversible error.

**EVIDENCE:** Relevancy, Competency and Materiality—Reliance on
3 Warranty. One suing for damages for breach of guaranty in a land sale contract must show that he relied on said guaranty in entering into the contract. Therefore, testimony that plaintiff, before signing the contract, read the provision as to guaranty and relied thereon, is material.

**VENDOR AND PURCHASER:** Rescission—Demand for Performance—Non-Necessity. A purchaser who has rescinded a land sale contract by reason of the vendor's breach need not allege or prove a demand on the vendor for performance when vendor has so breached the contract *that he cannot possibly perform.*

**VENDOR AND PURCHASER:** Construction of Contract—Agreement for Car Line—Collateral Agreements or Warranties. A provision in a land sale contract that the vendor guarantees that within two years a street railway will be built to the property and in operation, is not a mere collateral *promise*, but is a *warranty*.

**VENDOR AND PURCHASER:** Rescission—Restoration of Status
6 Quo—Sufficiency. On the subject of the restoration of the *status quo*, an offer, on rescission by vendee, to return and to surrender to vendor all right, title and interest in and to the contract and all papers relating thereto, including possession of the land, which offer is refused, is sufficient.

*Appeal from Perry Superior Court.*—W. W. CARDELL, Judge.

SATURDAY, OCTOBER 28, 1916.

THE issues in this case are similar to those in the case of C. T. Kirkwood against this same defendant, decided at the present sitting, except that, in the instant case, there was no second contract to build a house. In this case there was a trial to a jury, and a verdict and judgment for plaintiff. The defendant appeals.—*Affirmed.*

*H. G. Giddings*, for appellant.

*W. H. Winegar*, for appellee.

PRESTON, J.—Eight of these cases, involving somewhat similar questions, were submitted at the same time. Some of the cases involve the same questions as presented in others, but each contains some propositions not contained in the others. We shall notice, in this opinion and the others, only such questions as are not common to all.

The contract of purchase by plaintiff of a lot from defendant provided that:

"The seller will guarantee to the buyer that, within two years from the date of this contract, a street railway will be built and in operation from the main business portion of the city of Perry across the Dilenbeck Additions."

Plaintiff alleged that he had paid on his down payment and in monthly installments and interest upon the contract of purchase, $173.43, and that he expended $213.62 in improving said lot. The testimony is that plaintiff built a building on the back end of the lot that cost for material $135, and he expended $15 for taking the water in on the lot, and excavated for a building and had sand hauled for the building. Plaintiff also alleges a breach of the warranty in the contract, and alleges that, after the expiration of two years, plaintiff had rescinded said contract of purchase on account of said breach, and tendered back to defendant the written contract, together with possession of the lot and the improvements

thereon, and demanded repayment of the amount paid upon said contract and the amount expended for improvements, which tender was refused by the defendant. Answering, defendant admitted that it was the owner of the real estate described at the date of the alleged contract, and denied all other allegations of the petition.

1. The first two assignments of error relate to the admission of evidence. This question was asked the plaintiff:

"Q. What was the cost of the excavating?"

1. VENDOR AND PURCHASER: rescission by purchaser: breach of contract: damages recoverable.

Over defendant's objection that it was incompetent, irrelevant and immaterial and not the proper measure of damages, the witness answered:

"I don't remember just what the cost was, but on refreshing my recollection, I find it amounts to $6."

And this question was asked plaintiff:

"Q. What was the carpenter work on the building you erected worth?"

And over the same objection, witness answered:

"I think the carpenter work on that was in the neighborhood of $36."

The argument upon the first proposition is that, upon rescission of an executory contract of purchase of real estate by vendee for breach of warranty, he cannot recover for improvements, and that, where recovery for improvements is allowed, the rule is, according to appellant's contention, that the amount of compensation to which the purchaser is entitled for improvements constructed by him is not the amount expended, but the actual enhanced value of the land due to such improvements, as of the time at which the vendor takes possession of the land—citing 39 Cyc. 1440. No Iowa cases are cited on this proposition.

As we understand the record, plaintiff did not complete all the improvements or buildings he contemplated; that is,

he had not done so up to the time of the rescission. Had he completed all the improvements and built his residence as contemplated, it is possible the rule contended for by defendant would apply, and it may be that such would have been the the better rule in this case. But, under the record, even though a rule is adopted which was not absolutely correct, still we think justice could have been done and was done under the rule adopted. The expenditure for improvements made by plaintiff, such as they were, would enhance the value of the lot. Plaintiff had the right to rescind because the street railroad was not built as agreed. Upon rescission, had appellant accepted back the property, the improvements already made would have been a part of the real estate, for which defendant would have received benefit. Defendant knew that plaintiff's purpose in buying the lot was to build thereon, and that plaintiff purchased the lot relying upon the warranty in regard to the street railroad. The money expended for improvements was in the nature of special damages. The court instructed, in substance, that, if plaintiff rescinded the contract of purchase, and he was all the time ready, willing and able since the rescission to make his tender and offer good, the burden was on plaintiff to show the amount he had been damaged by reason of the breach of the contract aside from the payments made thereon, and that, if the jury should find that plaintiff was entitled to recover on his account for expenditures, in addition to the payments on the contract, the jury should, after having ascertained the amount thereof under the evidence and instructions, add the amount so determined to the amount of the payments on the contract, and that this total would be the amount of the verdict.

Appellee relies upon the case of *White v. Smith*, 54 Iowa 233. That case was an action to recover damages for fraudulent representations, and it appeared that the defendant had sold plaintiff a lot, knowing that he intended to build a res-

2. DAMAGES: measure of damages: incorrect rule working substantial justice.

idence thereon, and had falsely represented that there was a street upon the north side of the lot, and the plaintiff purchased and erected a valuable residence, in reliance upon such representation, and with reference to the supposed street. It was held that the plaintiff was entitled to recover special damages, in addition to the difference in value of the lot— the difference between the market value of the house as a residence, with a street as represented, and without such street. But, as before stated, in the instant case, the buildings contemplated by plaintiff were not completed, and a part of the expense was bringing water on the lot; so that it would be difficult to say that the improvements in the instant case had a market value, as would a house. The courts have trouble sometimes in announcing a rule as to the measure of damages which is entirely satisfactory. But, as before stated, in this case we think that, under the rule adopted, substantial justice was done, and that there was no prejudice resulting to the defendant.

2.   The court permitted plaintiff, over defendant's objection that it was irrelevant and immaterial, to testify that, before signing the contract, he read the paragraph in the

3. EVIDENCE: relevancy, competency and materiality: reliance on warranty.

contract in regard to the provisions as to building a street railway, and that he relied upon the guaranty, and would not have purchased the lot or signed the contract except for such conditions in the contract, and would not have made payment thereon. We think this was material, for the reason that the rescission was made because of a breach of this warranty, and, unless plaintiff had relied upon the warranty, he would not be in a position to claim a rescission. The only objection made by appellant at this point is that the consideration of such evidence would tend to confuse the jury, or create prejudice in their minds. This question was asked plaintiff:

"Q.   You may state whether or not in that conversation

you told him that you would give him possession of the lot and that you wanted the money back you had paid.''

The answer was, ''I did.'' One objection to the question was that it was leading, and that is the objection now urged. The trial court has a discretion in such matters. We think the objection was not well taken.

3. The defendant requested an instruction to the effect that, before plaintiff could recover, he must show that he made a demand upon defendant for the performance of the

4. Vendor and Purchaser: rescission: demand for performance: nonnecessity.

alleged contract guaranteeing construction of a street railway, and that, in the absence of such demand, there could be no recovery. Defendant's proposition is that, when time of performance by a vendor is not made of the essence of the contract, a purchaser may not rescind for a nonperformance until he has first made demand for performance, citing *Wilhelm v. Fimple,* 31 Iowa 131. Appellee also cites this case and *Iowa-Minnesota Land Co. v. Conner,* 136 Iowa 674; *Nelson v. Chingren,* 132 Iowa 383.

Appellee's contention is that no demand for performance was necessary on the part of plaintiff, for the reason that, in the contract sued on, the time for the construction of the railroad was definitely stated, and that, at the time the suit was brought, defendant was unable to perform its contract. Appellee also contends that the time of performance was the essence and important part of the contract, not of any particular part, but of all the contract. However this may be, the time within which the street railway was to be built was definite; that is, it was to have been built within two years. This was not done. The contract does provide that the street railway would be built within two years from the date of the contract. Before rescission was made, and before this suit was commenced, the time had expired for the fulfillment of the contract by the defendant company, and it would be a vain and useless thing to require plaintiff to demand the performance of that which the defendant was unable to perform, and

which inability to perform was known both to plaintiff and to the defendant.

4.   Appellant contends that the provision in the contract, which we have before set out, was a mere collateral promise or agreement, and that plaintiff, as a purchaser of the real estate, may not rescind therefor.   The follow-

5. **VENDOR AND PURCHASER:** construction of contract: agreement for car line: collateral agreements or warranties.

ing cases are cited: *American Emigrant Co. v. County of Adams,* 100 U. S. 61 (25 L. Ed. 563); *Braddy v. Elliott* (N. C.), 16 L. R. A. (N. S.) 1121; *Crampton v. McLaughlin* (Wash.), 21 L. R. A. (N. S.) 823, and note.

In the first case, the opinion states that the contract was duly carried into execution soon after its inception, and the court said that the engagements of the appellants under the contract to introduce settlers and the like were to be performed in the future.   The court did say, however, that, where covenants are mutual and dependent, failure of one party to perform absolves the other and authorizes him to rescind the contract.

The next authority cited by appellant, we think is not in point.   In that case, the defendant company simply agreed to make certain improvements.   In the instant case, the defendant company made a warranty that a certain condition, viz., a street car line, would be attached to the lot purchased, within a certain time.   Such was the case in the last case cited.   But it is said in the note that, where a dependent covenant in a contract is broken, it is clear that a ground for rescission is presented, because the covenant is an integral part of the mutuality upon which the whole agreement rests. Appellee contends that the contract of purchase of the real estate contained the paragraph in regard to the street railway, and that it was a warranty, and not a mere collateral agreement, and that it was a condition or quality attached to the lot purchased, and that the plaintiff was entitled to rescind because of the breach thereof, and cites, in support of the proposition, *Timken Carriage Co. v. Smith,* 123 Iowa

554, 557; *Gray v. Central Minn. Immigration Co.,* 127 Iowa
560; *Webb v. Hancher,* 127 Iowa 269; *Lessenich v. Sellers,*
119 Iowa 314; 9 Cyc. 432, 433; *Rackemann v. Riverbank Im-
provement Co.,* 167 Mass. 1 (44 N. E. 990); *Pedley v. Free-
men,* 132 Iowa 356; *Nelson v. Chingren,* 132 Iowa 383; *Wil-
helm v. Fimple,* 31 Iowa 131.

It is said in one of our cases that we are firmly committed
to the doctrine that a contract of sale may be rescinded for a
breach of warranty. We are of opinion that the provision is
more than a mere collateral promise, and that it is a warranty.
Plaintiff purchased a lot in one of the Dilenbeck Additions,
which additions were situated some distance from the business
portion of the city, and because of this, a street car line was
necessary, in order that the persons living in these additions
could be taken back and forth to the business portions of the
city. The lots were sold by the defendant for the purpose of
supplying places where purchasers might build residences, and,
because of the distance of the additions, and in order to induce
sale of the lots, the defendant company guaranteed a street
car line. The defendant did not itself agree to build a street
car line at some future time, and did not make a collateral
agreement to put in operation a street car line. The plaintiff
purchased a lot as though a street car line was in operation;
but, as the additions were new, the lot was purchased with
the street car line to be in operation within two years from
the date of the purchase. The purchase of the lot under the
contract was conditioned upon the performance of this war-
ranty, and the evidence shows that plaintiff purchased the
lot relying wholly upon the guaranty of this particular qual-
ity attached to the lot. It was a material part of the contract
that induced plaintiff to purchase the lot, and was not merely
promissory in nature. Plaintiff rescinded because he did not
get what he bought.

5. Another contention of appellant is that, in rescinding
the contract, plaintiff did not put the defendant *in statu quo,*

and did not offer to do so. The record shows that defendant company was notified that the plaintiff had rescinded the contract, and that he offered to restore to the defendant company all rights under the written contract, including possession, and any papers, accounts or receipts then held by him, and that this tender was refused. The evidence shows that defendant was fully informed that plaintiff had rescinded and was offering to restore to defendant all the rights which plaintiff had received under the written contract, and, as stated, this was refused. The attitude of the defendant company was such that nothing which plaintiff could have done would have been accepted as a rescission, or as placing defendant *in statu quo*. There was no deed to plaintiff, and we do not find from the record that the contract was acknowledged or recorded. The court submitted the question to the jury as to whether or not there had been a rescission.

**6. VENDOR AND PURCHASER:** rescission: restoration of *status quo*: sufficiency.

We conclude that the record is without any prejudicial error, and the judgment is, therefore—*Affirmed.*

EVANS, C. J., DEEMER AND WEAVER, JJ., concur.