COLONIAL DEVELOPMENT CORPORATION *vs.* CLIFFORD B. BRAGDON.

CLIFFORD B. BRAGDON *vs.* COLONIAL DEVELOPMENT CORPORATION.

Suffolk.    October 9, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* In writing. *Fraud. False and Fraudulent Representations. Deceit.*

If a contract in writing for the purchase of certain lots of land, which was signed by the purchaser after he had read it through and understood its terms, provides that "No agent of [the seller] has authority . . . to make any reference, representation or agreement not contained in this contract and none not contained herein shall be binding upon the seller, . . . but all statements made have been merged and set forth herein," this cuts off the purchaser from setting up in an action against him on the contract the defense that he was induced to sign it by false material representations knowingly made to him by authorized agents of the seller; and it also precludes him from maintaining an action for deceit against the seller for such false and fraudulent representations of the seller's agents, no matter how unwise the purchaser was to sign such a contract.

It is a fundamental principle that a lawful contract in writing voluntarily executed with full knowledge of its contents by a rational being acting on his own judgment must be enforced. By RUGG, C. J.

CONTRACT for a balance alleged to be due upon a contract in writing under seal dated March 11, 1910, to purchase from the plaintiff, for the sum of $200 payable in monthly instalments of $10 each, two lots of land in the town of Islip on Long Island in the State of New York. Writ in the Municipal Court of the City of Boston dated June 28, 1911; and

TORT by the defendant in the first case against the plaintiff in that case for false and fraudulent representations made to the

plaintiff in this action by the agents of the defendant herein, whereby the plaintiff was induced to sign the contract sued upon in the first case, seeking to recover as damages the part of the purchase money which had been paid in instalments under that contract.  Writ in the Superior Court dated August 11, 1911.

The defendant in the first case set up in his answer the same false and fraudulent representations alleged to have been made by the agents of the plaintiff in that case that were relied upon by him in his action for deceit.

The first case came by appeal to the Superior Court, where the two cases were tried together before *Bell*, J.  The contract sued upon in the first case is described in the opinion, where the material portion of it is quoted.

At the close of the evidence the Colonial Development Company asked the judge to rule in both cases as follows:

"1.  That upon all the evidence in this case the verdict should be for the Colonial Development Company.

"2.  That all representations made previous to the written contract were merged in it, and its language alone controls the bargain between the parties."

The judge refused to make these rulings, and the Colonial Development Company excepted.

The judge then submitted to the jury the following questions, to which the jury returned the answers that are printed after them:

"1.  Did or did not the company by its authorized agents make the following representation, knowing it to be false?  That the land was improved, piped, cut up and laid out in streets with granolithic walks."

The jury answered, "The claim was not falsely made that the land was improved; that no claim was made that the land was piped or that there were granolithic walks, but the claim was falsely made that the land was cut up and laid out in streets."

"2.  Did or did not the company by its authorized agents make the following representation knowing it to be false?  That the lots were twenty minutes walk from Babylon Station."

The jury answered, "Yes."

"3.  Did or did not the company by its authorized agents

make the following representation knowing it to be false? That it was in the town of Babylon."

The jury answered, "Yes."

"4. Did or did not the company by its authorized agents make the following representation knowing it to be false? That there were several substantial buildings on the property."

The jury answered, "Yes."

"5. Did or did not the company by its authorized agents make the following representation knowing it to be false? That the land was in every way ready and suitable for immediate building and occupancy."

The jury answered, "Yes."

"6. Was or was not the representation, if made [as] to piping, streets and walks, material?"

The jury answered, "Yes."

"7. Was or was not the representation, if made, as to the distance from Babylon station material?"

The jury answered, "Yes."

"8. Was or was not the representation, if made, that the land was in the town of Babylon material?"

The jury answered, "No."

"9. Was or was not the representation, if made, as to buildings on the property, material?"

The jury answered, "Yes."

"10. Was or was not the representation, if made, as to the readiness of the land for occupancy material?"

The jury answered, "Yes."

"11. Were or were not such representations as you find, if any, to have been made and to be material, relied upon by Bragdon in entering into the contract?"

The jury answered, "Yes."

"12. Did or did not such representations as you find, if any, to have been made, to be material, and to have been relied upon, influence Bragdon to some material extent in entering into the contract?"

The jury answered, "Yes."

"13. What, if any, damage resulted to Bragdon from such representations, if any, as you have found to have been falsely made, material, relied upon and influential?"

The jury answered, "$137.92, $120, $7.92 interest."

Upon the return of the foregoing answers, the judge instructed the jury to find for the defendant, Bragdon, in the first case, the action of contract, and in the second case, for deceit, to find for the plaintiff, Bragdon, in the sum of $120 with interest from the date of demand. The jury returned verdicts as directed; and the Colonial Development Company alleged exceptions.

*O. Storer*, for the Colonial Development Company.

*A. W. Eldredge*, for Bragdon.

RUGG, C. J. Bragdon, who hereafter will be referred to as the defendant, entered into a contract in writing with the Colonial Development Corporation, hereinafter called the plaintiff, for the purchase of two lots of land on Long Island in the State of New York, to be paid for in instalments. A description of the land, the terms of payment, the kind of deed to be given, together with a stipulation as to the maximum amount of taxes and assessments for three years, and as to conveyance in case of the defendant's death before payment in full, and a guaranty that the lots were "high and dry, and free from all incumbrances," were set out in the contract. It contained this further clause: "No agent of this company has authority . . . to make any reference, representation or agreement not contained in this contract and none not contained herein shall be binding upon the seller, or in any wise effect [*sic*] the validity of this contract or form any part thereof, but all statements made have been merged and set forth herein." The contract was executed in duplicate and each party retained an original. The defendant testified that he "read the contract over before he signed it and knew of its terms and conditions." He was allowed to introduce evidence tending to show, and the jury found, that he was induced to sign the contract by reason of false material representations knowingly made by authorized agents of the plaintiff to the effect that the lots were part of a tract cut up and laid out in streets; that there were several substantial buildings upon other parts of the tract; that the land was in every way ready and suitable for immediate building and occupancy; and that the lots were within twenty minutes' walk from the railroad station.

The question is whether these facts and findings constitute a defense to an action on this contract. The representations

plainly were fraudulent in their nature and, apart from the paragraph of the contract quoted at length, would invalidate any agreement made in reliance upon them. But the parties chose, after all the preliminary statements and negotiations were ended, to put the contract in writing. It is not contended that the defendant was induced to sign that contract through any misrepresentation as to its contents or meaning. On the contrary, his own evidence was that before signing he read it through and understood its terms. One of those terms, to which he himself assented, was that no agent of the plaintiff had any authority to make any representations not contained in the contract. Further stipulations, to which he likewise assented, were in substance, that every representation to which he would undertake to hold the seller was written in the contract and every statement upon which he relied was set out in it. He intentionally and intelligently, without any trick, mistake, duress, covin or fraud as to its contents, signed this written contract, which was plain in its phraseology. In the light of the evidence and findings of the jury, it was a most unwise agreement for him to make. But he made it freely, when he knew what he was about. It is a fundamental principle of law that contracts in writing voluntarily executed with full knowledge of their contents by rational beings acting on their own judgment must be enforced.

The defendant relies on the proposition that fraud vitiates every contract. But there is a distinction between a fraud which is antecedent to a contract, and fraud which enters into the making of the contract. The present case belongs to the former class. It constitutes no defense to an action on this contract. Nor does it afford ground for an independent action. *Cannon* v. *Burrell*, 193 Mass. 534. *McCoy* v. *Metropolitan Life Ins. Co.* 133 Mass. 82.

This seems a hard case. But contracts freely made by intelligent persons cannot be abrogated simply because they are unwise.

In each case let the entry be

*Exceptions sustained.*