EASTERN ADVERTISING COMPANY *vs.* E. L. PATCH COMPANY.

Middlesex.   March 1, 2, 1920. — May 19, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract*, In writing, What constitutes.   *Corporation*, Officers and agents.

In an action by a corporation upon a contract in writing, it appeared that among the provisions included in a printed form for the contract before its execution was the following: "This contract is not binding unless approved by the President or Treasurer of the" corporation, the plaintiff.   At the bottom of the form was printed the word "Approved," followed by the name of the plaintiff and, under the name, the word "by" followed by a blank space.   The defendant executed the contract and thereafter the plaintiff's treasurer wrote in his name in the blank space under the plaintiff's name and after the word "by."   *Held*, that the contract was executed by the plaintiff and was approved by its treasurer in writing.

The contract above described also contained a provision, "No verbal conditions made by agents will be recognized.   Every condition must be specified on the face of this contract."   At the trial, the defendant offered and the judge excluded evidence tending to show that an agent of the plaintiff, as an inducement to the defendant to execute the contract, promised that, although the plaintiff would insert no provision as to cancellation in the contract, the defendant would have the right to cancel the contract at any time that he found it unprofitable on giving thirty days' notice of such cancellation to the plaintiff, that such representation was made with a purpose of defrauding the defendant and that it was not intended by the plaintiff's agent that the representation should be carried out.   *Held*, that the evidence properly was excluded, because by the express provision of the contract the plaintiff was not bound by the representation of the agent.

CONTRACT for $3,315 and interest upon three contracts in writing for the sale by the plaintiff to the defendant of advertising space in electric street cars.   Writ dated November 18, 1918.

In the Superior Court the case was tried before *Raymond, J.*, upon an agreed statement of facts.   It appeared that the contracts were upon printed blanks prepared by the plaintiff and, before signature, had printed at the bottom the words,

> "Approved Eastern Advertising Co.
>             "By          "

The plaintiff had performed the services required of it by the provisions of the contracts.

Other material facts agreed to by the parties, certain evidence

offered by the defendant and excluded by the judge, and exceptions saved by the defendant are described in the opinion.

The judge ordered a verdict for the plaintiff in the sum of $4,922.74; and at the request of the parties reported the action to this court for determination, judgment to be entered for the plaintiff if his rulings were right, and, otherwise, a new trial to be ordered.

*C. P. Curtis, Jr.,* for the plaintiff.

*A. A. Wyman,* for the defendant.

CARROLL, J.  The plaintiff seeks to recover on three contracts in writing for the sale of advertising space in electric cars.  The defendant contends that the contracts were not approved by the plaintiff's president or treasurer, as required by the contracts, and that the defendant was induced to execute them because of an oral promise by the plaintiff's agent "that although the plaintiff would not insert such a clause [a clause providing for the cancellation of the contract] in writing in the contract the defendant would have the right to cancel such contract at any time it found such car advertising unprofitable, on giving thirty (30) days' notice to the plaintiff of such cancellation;" that such representations were made with the purpose of defrauding the defendant, and that it was not intended by the plaintiff's agent to carry out these representations.

The written contracts included all the terms of the understanding and were executed in substantial compliance with their requirements.  Each contract contained the following provision: "This contract is not binding unless approved by the President or Treasurer of the Eastern Advertising Company."  Two of the contracts were signed "The E. L. Patch Co., by E. L. Patch," and one by "The E. L. Patch Co. . . . by R. R. Patch," and they were "Approved Eastern Advertising Co.  By Clinton Elliott, Treas."

Because the contracts were approved in this manner, it cannot be said that they were not approved by the president or treasurer as stipulated in the written agreement.  In *Clarke* v. *Fall River,* 219 Mass. 580, 583, the contract was executed in the name of the city by the mayor and bore the indorsement of no other city official or board.  The defendant's charter required the approval of the mayor in writing.  It was said in the opinion: "It would be

sacrificing substance to form to say that, after the mayor had manifested his direct affirmative sanction (*McLean* v. *Mayor of Holyoke*, 216 Mass. 62, 65) to every stipulation of the contract by executing it in behalf of the defendant, he must go through the idle ceremony of signing a nominal approval of it." The principle of that case governs the case at bar. When the contract was executed by the plaintiff in the name of its treasurer, it was approved by him, and the signature "Eastern Advertising Co. By Clinton Elliott, Treas." was in fact the signature of the company. See *Arcade Malleable Iron Co.* v. *Jenks*, 229 Mass. 95, 101.

The defendant offered to show that the plaintiff's agent made the representations, set out in the defendant's answer, for the purpose of defrauding the defendant; that he did not intend when they were made to carry them out; and that he used them as a false pretence to induce the defendant to sign the contract. The evidence was excluded. Each contract, under "Terms and Conditions of This Contract," contained the stipulation, "No verbal conditions made by agents will be recognized. Every condition must be specified on the fact of this contract." The written contracts contain all the stipulations the parties agreed to, and the parol promise given when they were executed could not be added to them. *Carpenter* v. *Sugden*, 231 Mass. 1. *Bennett* v. *Thomson*, ante, 463. The condition requiring that all the terms of the contract must appear on the face of the written instrument, and providing that no verbal agreement of the plaintiff's agent would be recognized, were stipulations to which the parties agreed and under which they must be held. If the plaintiff's agent, acting honestly, intending to keep the promise, agreed that the contract could be cancelled by the defendant on thirty days' notice, it is not shown that he had authority to make such an agreement, see *Hale* v. *Mechanics' Mutual Fire Ins. Co.* 6 Gray, 169; and by the specific terms of the contract such a parol understanding was of no validity. Even if it were known when the promise was made that it would not be fulfilled and was made for the purpose of deceiving the defendant, the express stipulations of the written contract were to govern, and the plaintiff was not to be held by the parol representations of the agent. *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170, was an action upon a written contract, one of the terms of which was that no agent of the plaintiff had authority to make any repre-

sentations not contained in the contract. Evidence was offered tending to show that the defendant was induced to sign the contract by reason of false and fraudulent representations of the agent which, apart from the stipulations preventing him from binding the plaintiff, would invalidate any agreement made in reliance upon them. It was held that the defendant could not rely on the statements of the agent and was bound by the agreement as expressed in the written contract. See *International Textbook Co.* v. *Martin,* 221 Mass. 1, 7. In *Cannon* v. *Burrell,* 193 Mass. 534, the written contract stated: "Separate verbal or written agreements with salesmen are not binding." The defendant claimed he was induced to enter into the contract by reason of the false representations of the plaintiff's agent. The judge ruled that the question was not open to the defendant or material, in view of the written agreement. It was decided that the defendant entered into the agreement on the basis that the salesman had no authority to change the terms of the written contract by any representation or inducement, and that the ruling of the judge in refusing to pass on the claim of the defendant, that he was induced to enter into the contract by reason of the false representation of the salesman, was right.

As the evidence offered by the defendant was inadmissible and the plaintiff must prevail, it becomes unnecessary to consider whether the statements of the agent relating to what might happen in the future were of such a nature that the defendant could rely upon them as fraudulently made, even if no reference were made in the contract to the "verbal conditions made by agents." See *Knowlton* v. *Keenan,* 146 Mass. 86; *Dawe* v. *Morris,* 149 Mass. 188; *Friedman* v. *Pierce,* 210 Mass. 419; *Brown* v. *C. A. Pierce & Co.* 229 Mass. 44.

Judgment is to be entered for the plaintiff.

*So ordered.*