JOHN J. O'MEARA *vs.* JAMES H. SMYTH.

Suffolk.    October 19, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract,* Performance and breach, In writing.

In an action for breach of a contract in writing by the defendant to purchase certain real estate of the plaintiff, it appeared that the contract contained the provision, "Do not sign this agreement without reading. No agent of [certain designated agents for the plaintiff] . . . has authority to make any representations or agreements not contained in this contract. This agreement is made under inducements and representations herein expressed and no other." *Held,* that it was no defence that, previous to the making of the contract, the plaintiff by a published advertisement and orally through an agent had made certain material false representations relating to the property being sold, which

were not included in the contract but which were relied on by the defendant; and the rights of the parties in this regard were not affected by the fact that the defendant was not shown to have read the contract before he signed it, if there was no evidence that his failure to do so was due to any fraud of the plaintiff.

CONTRACT for a balance of $250, remaining unpaid of a sum of $750 and alleged to be due as liquidated damages by reason of failure of the defendant to perform an agreement in writing to purchase certain real estate of the plaintiff. Writ in the Municipal Court of the City of Boston dated February 10, 1921.

The defendant in his answer, "besides pleading a general denial, set up both as an affirmative defence and also by way of recoupment that the contract declared upon was entered into by the defendant because of fraudulent inducements and misrepresentations on the part of the plaintiff and his agents."

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the plaintiff in the sum of $255; and the defendant alleged exceptions.

*T. Brennan,* for the defendant, submitted a brief.

*W. E. Cunningham,* for the plaintiff.

PIERCE, J. This is an action of contract to recover a balance of $250 unpaid upon an agreement to pay the plaintiff $750, as liquidated damages, in the event the defendant failed or neglected to perform his agreement to purchase of the plaintiff certain real estate upon the terms of a contract executed by the plaintiff and the defendant.

At the trial it appeared that a contract of sale and purchase of certain real estate, owned by the plaintiff and his son, had been duly executed by the defendant and by the Chas. G. Clapp Company as agents for the plaintiff. It further appeared that the contract signed by the parties contained the following provision: "Do not sign this agreement without reading. No agent of Chas. G. Clapp Company has authority to make any representations or agreements not contained in this contract. This agreement is made under inducements and representations herein expressed and no other." The defendant introduced in evidence an advertisement in a Boston newspaper offering for sale the premises described in the agreement signed by him, and offered testimony

which warranted a finding that certain representations therein as to the nature and quality of the property were false and were relied on by him to his damage. He also introduced uncontradicted evidence of a false material representation to him by the agent for the plaintiff. No evidence was offered to prove that the defendant was induced to sign the instrument by any misrepresentation as to the contents or meaning of the signed agreement, nor was there any evidence tending to prove that any material statement contained in that agreement was not true. The record does not affirmatively show that the defendant read the agreement before signing it; but whether he did or not, in the absence of fraud he is assumed to have assented to all the provisions of that contract and agreed to be bound by its terms. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Tremont Trust Co.* v. *Burack,* 235 Mass. 398. A most important part of that agreement is the provision that "This agreement is made under inducements and representations herein expressed and no other." The misrepresentations relied on by the defendant were antecedent to the making of the contract and did not enter into it; therefore they were no defence to this action. *Cannon* v. *Burrell,* 193 Mass. 534. *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170. *International Textbook Co.* v. *Martin,* 221 Mass. 1. *Eastern Advertising Co.* v. *E. L. Patch Co.* 235 Mass. 580.

No question being raised as to the liability of the defendant if the evidence of misrepresentation was inadmissible, the judge rightly directed a verdict for the plaintiff. *International Textbook Co.* v. *Martin,* 221 Mass. 1, 8.

*Exceptions overruled.*