FRANK M. BOSS *vs.* GREATER BOSTON MORTGAGE CORPORATION.

Suffolk.    December 3, 1924. — February 27, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* In writing, Validity, Rescission.  *Evidence,* Extrinsic affecting writing.

A subscriber for shares of a corporation made with it a contract in writing and in accordance with its provisions paid money and delivered to it a promissory note subject to the conditions: "It is expressly agreed that no salesman, representative or agent of the Corporation has authority to make any reference, representation or agreement not contained in this contract, and none not contained herein shall be binding upon the Corporation, or in any wise affect the validity of this contract or from [*sic*] any part hereof, but all statements made have been merged and set forth herein." He afterwards sought by a suit in equity to have the contract rescinded, contending that he was induced to make it by an offer made by an agent of the corporation without authority that, if he would buy the stock, the corporation "would stand bound to him when he became a stockholder to buy or build a house for him by placing a first mortgage with a bank and 'carrying the rest of the money at seven percent,'" and that the corporation repudiated the provisions of the contract when he sought performance. It did not appear that the subscriber was illiterate nor that he was given no opportunity to read the contract before signing it.  *Held,* that the suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on February 5, 1922, seeking rescission of a contract for purchase of stock of the defendant on the ground that the plaintiff was induced to make the contract by false and fraudulent pretences.

In the Superior Court, the suit was heard by *Hammond*, J. Material facts found by the judge are described in the opin-

ion.   By his order a decree was entered granting the plaintiff relief.   The defendant appealed.

*A. W. Eldredge,* for the defendant.

*H. W. Ogden,* for the plaintiff.

BRALEY, J.   The plaintiff and the defendant entered into a contract in writing June 16, 1922, entitled subscription for preferred and common stock, whereby he subscribed for and agreed to take eighty full paid nonassessable shares of the preferred, and sixteen shares of the defendant's common stock, for which he paid in cash $1,080, the balance to be paid in accordance with the terms of a promissory note "hereto attached and subject to the conditions specified below." The conditions in so far as material read: "It is expressly agreed that no salesman, representative or agent of the Corporation has authority to make any reference, representation or agreement not contained in this contract, and none not contained herein shall be binding upon the Corporation, or in any wise affect the validity of this contract or from [*sic*] any part thereof, but all statements have been merged and set forth herein."

The bill alleges and the judge has found on evidence not reported, that the agent of the defendant employed to sell its stock "in order to induce the plaintiff to purchase such stock, offered in behalf of the defendant that if the plaintiff would buy stock in the defendant corporation, the defendant would stand bound to him when he became a stockholder to buy or build a house for him by placing a first mortgage with a bank and ' carrying the rest of the money at seven percent.' By means of that promise the agent induced the plaintiff to buy stock . . ., the plaintiff taking and paying for it supposing that he had a contract with the corporation to purchase or build a house for him as aforesaid.   The agent had, in fact, no authority from the defendant to make such an offer. When the plaintiff found a house which suited his requirements and requested the corporation to buy it for him, the president of the . . . corporation denied that the agent . . . had authority to bind it as he had purported to do and ultimately repudiated the agent's promise."

The plaintiff, relying on *Rackemann* v. *River Bank Improve-*

*ment Co.* 167 Mass. 1, and *Dennette* v. *Boston Securities Co.* 206 Mass. 401, contends, that the decree granting relief, based on these findings, should be affirmed.   But the plaintiff, who is not shown to have been illiterate, or to have paid his money without ample opportunity to read it, is bound by the contract, which constitutes the final agreement of the parties, and cannot be varied by proof of prior representations of the defendant's agent.   *Cannon* v. *Burrell*, 193 Mass. 534, 536. *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170.   *Eastern Advertising Co.* v. *E. L. Patch Co.* 235 Mass. 580.   *Boston Consolidated Gas Co.* v. *Folsom*, 237 Mass. 565.   *O'Meara* v. *Smyth*, 243 Mass. 188, 190.

The defendant therefore has not repudiated or refused performance of the contract, and the decree must be reversed, and a decree entered dismissing the bill.

*Ordered accordingly.*