HENRY C. BUTLER *vs.* SAMUEL W. PRUSSIAN.

Suffolk.    January 12, 1925. — May 19, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Validity. *Fraud. Evidence,* Competency: of subject matter of sale. *Sale.*

Fraud which enters into the making of a contract in writing, as distinguished from that which is antecedent to it, cannot be excluded from the reach of the law by any form of phrase inserted in the contract itself.

Parol evidence is competent for the purpose of applying a written contract to its subject matter.

A purchaser of an automobile truck signed a contract of conditional sale which contained in its provisions the following: "Said car is leased as is and no reference, representation, contract, agreement, promise, undertaking or understanding whatsoever not contained therein shall be binding upon the lessor, or in any wise affect the validity of this contract or form any part thereof, but all statements made have been merged and set forth herein. I further agree that there are no collateral agreements nor understandings whatsoever modifying or affecting the terms of the within lease or my liabilities thereunder, and that there are no set-offs, counter-claims nor defenses thereto." At the trial of an action of tort or contract for damages resulting from the fact that the truck delivered was not the truck the plaintiff expected to receive, the judge admitted in evidence testimony tending to show that an agent of the defendant showed to the plaintiff as the subject of the contract a truck with new power and operative machinery, and that "shortly thereafter," when the contract was signed, old machinery was substituted and the contract described by number and model the substituted parts. There was a finding for the plaintiff. *Held,* that the evidence tended to show fraud as to the essence of the contract and was admissible.

CONTRACT OR TORT with the declaration described in the opinion. Writ dated January 15, 1920.

In the Superior Court, the action was heard by *McLaughlin,* J., without a jury. Material evidence and facts found by the judge are described in the opinion. He found for the plaintiff in the sum of $524.25 and reported the action to this court for determination, judgment to be entered for the plaintiff on the findings if his rulings were correct; otherwise such entry to be made as law and justice might require.

*J. C. Johnston,* for the defendant.

*S. Markell,* for the plaintiff.

RUGG, C.J. This was an action of contract or tort. It arose out of a contract whereby the plaintiff bought of the defendant an automobile truck under a written instrument of conditional sale. The declaration contained three counts, the first alleging breach by the defendant of a contract for the purchase and sale of an automobile; the second, which was waived at the trial, alleging that the defendant procured money from the plaintiff by deceit in the sale of an automobile; and the third for money had and received by the defendant to the plaintiff's use. The answer was a general denial and plea of payment. The plaintiff was permitted to testify, subject to exception by the defendant, that the salesman of the defendant pointed out to the plaintiff during the negotiations preceding the making of the contract, "the truck he was going to sell me," and that at the time he executed the agreement he believed he was buying the truck shown him. The plaintiff did not contend that any fraud was practised on him in procuring his signature to the contract except in so far as the substitution of an old motor in place of a new one constituted fraud. Thereafter an automobile truck was delivered to the plaintiff by the defendant, which was admittedly the truck first seen by the plaintiff, except the motor. The plaintiff's contention supported by evidence was that the automobile truck delivered did not contain the same motor as the truck shown him, but instead an old and defective motor. The defendant requested a ruling to the effect that there could be no recovery unless

the defendant failed to deliver to the plaintiff the truck described in the contract. This request was denied subject to exception.

The case was tried without a jury by a judge who upon conflicting evidence found these facts: "The plaintiff undertook to buy an automobile truck of the defendant on conditional contract of sale. Being shown one on the premises of the defendant (whose business was to sell trucks, the bodies of which were attached by him to the engine and motor parts of the Ford car), the plaintiff agreed to buy it and the defendant, by an agent, to sell it. Thereafter, but before delivery was made, the parties signed a conditional contract of the sale, and the plaintiff thereupon paid the defendant the sum of $100, and on delivery the additional sum of $398.34. Soon after the truck was delivered, but after the second payment was made, the plaintiff discovered that the engine and motor parts of the truck were not the engine and motor parts which were shown him at the defendant's premises, and which, as essential parts of the truck, he expected to receive, and which the defendant gave him to understand he intended to deliver. The engine and those parts of an automobile which relate to its operation, which were shown him on defendant's premises, were new, while those which were delivered had been used, and to such an extent that the steering gear was defective and required substantial repairs. I am satisfied that deception was practised upon the plaintiff and that parts of a used Ford car were substituted for new ones." There was a finding for the plaintiff in a sum equivalent to the amount which he paid, with interest from the date of the writ.

The written contract of conditional sale described the automobile truck as "1 Model Y Guaranty Truck No. 2874221" and contained these clauses: "Said car is leased as is and no reference, representation, contract, agreement, promise, undertaking or understanding whatsoever not contained therein shall be binding upon the lessor, or in any wise affect the validity of this contract or form any part thereof, but all statements made have been merced [*sic*] and set forth herein. I further agree that there are no collateral

agreements nor understandings whatsoever modifying or affecting the terms of the within lease or my liabilities thereunder, and that there are no set-offs, counter-claims nor defenses thereto."

The evidence to identify the subject matter of the contract was admitted rightly. That was but one step in proving the fraud whereby a different motor was substituted for the one which the plaintiff was led to expect he was buying. It is a long established legal principle, to which resort is frequently had, that parol evidence is competent for the purpose of applying a written contract to its subject matter. This principle is as firmly established as the principle that, where the parties have without fraud or mistake reduced the terms of their agreement to writing, that writing is presumed alone to express their final arrangement and all previous and contemporaneous oral discussion or written memoranda are regarded either as rejected or merged in it, and oral evidence is not admissible to contradict or modify what thus has been written. These two principles stand side by side, are not in conflict with each other, and are used by the courts in cases to which each is appropriate. *Stoops* v. *Smith*, 100 Mass. 63. *Swett* v. *Shumway*, 102 Mass. 365. *Whittier Machine Co.* v. *Graffam*, 156 Mass. 415. *De Friest* v. *Bradley*, 192 Mass. 346, 352. *Willett* v. *Smith*, 214 Mass. 494. *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, and cases there collected. Fraud which enters into the making of the contract, as distinguished from that which is antecedent to it, cannot be excluded from the reach of the law by any form of phrase inserted in the contract itself. Parties may stipulate by their contract that the statements inducing its execution are all included in its recitals and that no agent has authority to make any representations not therein contained. But they cannot by written words prevent the law from inquiry into, and granting redress for, fraud which enters into the very substance of the contract itself. This distinction was pointed out in *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170, 174. It is an implication of *International Textbook Co.* v. *Martin*, 221 Mass. 1, *Barry* v. *Bay State Street Railway*, 222 Mass. 366,

*Eastern Advertising Co.* v. *E. L. Patch Co.* 235 Mass. 580, *O'Meara* v. *Smyth,* 243 Mass. 188, *Boss* v. *Greater Boston Mortgage Corp.* 251 Mass. 455, and like cases upon which the defendant relies. While we do not depart from those decisions, we do not incline to extend them. *Brown* v. *Grow,* 249 Mass. 495. See 10 Am. L. R. 1472 *et seq.* for a collection of cases, and *Jackson* v. *State,* 210 App. Div. (N. Y.) 115, 119.

Doubtless the number and model of an automobile are the usual means and perhaps necessary elements in its description. *Wise* v. *Kennedy,* 248 Mass. 83.

These propositions do not meet the plaintiff's case as disclosed on this record. The facts appear to be that the plaintiff was shown by the agent of the defendant a truck with new power and operative machinery as the subject of the contract, and that "shortly thereafter," when the contract was signed, old machinery was substituted and the contract described by number and model the substituted parts. This was a plain fraud as to the essence of the contract. There is no rule of law which prevents recovery for that wrong. The plaintiff was not required personally to verify the description written in the contract with the machinery just shown him as the subject of the contract. To that extent he might rely upon the good faith of the defendant or his agent, notwithstanding the words set forth in the contract. *Reagan* v. *Union Mutual Life Ins. Co.* 189 Mass. 555. *Rollins* v. *Quimby,* 200 Mass. 162. *Mignault* v. *Goldman,* 234 Mass. 205. *Bridger* v. *Goldsmith,* 143 N. Y. 424. *Brassil* v. *Maryland Casualty Co.* 210 N. Y. 235.

*Judgment for the plaintiff on the finding.*