RAYMOND J. CONNELLY *vs.* FELLSWAY MOTOR MART, INC.

Suffolk.    May 20, 1929. — February 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Deceit. Practice, Civil,* Exceptions. *Damages,* In tort. *Interest. Evidence,* Extrinsic affecting writings.

A contract in writing for the sale of an automobile by a corporation provided that it was "agreed by both parties hereto that this contract embodies all the terms and conditions of sale. . . . This automobile is sold as is, where is, and as shown. No guarantee as to year of car." The contract did not provide that all material inducements to its making were set forth in it, nor that representations made by the seller's agents previous to its execution should not bind the defendant. One of the material inducements to the purchaser to execute the contract was a false representation, previously made to him by an agent of the seller, to the effect that the automobile was "brand new." In an action of tort by the purchaser against the seller for deceit, it was *held,* that

(1) Although there was no fraud which entered into the execution of the contract as distinguished from fraud which was antecedent thereto, the plaintiff in the circumstances was entitled to recover by reason of the fraud of the defendant's agent in inducing him to agree to the terms of the contract;

(2) The rule of law, that the terms of contracts in writing cannot be varied, added to or contradicted by parol evidence, was not applicable: the plaintiff's action was not upon the contract, nor was he seeking to contradict, vary or add to its terms by parol evidence;

(3) The words "as is" in the contract did not bar recovery for a false representation inducing its execution.

A bill of exceptions presented by the defendant in the action above described stated that the defendant directed the attention of the trial judge to a part of the charge to the jury relating to the construction of the contract in writing and that the defendant saved an exception to the refusal by the judge to alter the charge. It did not appear from the record that the judge's attention was directed to any particular statement in the charge, or that the defendant specified what change therein should be made. *Held,* that the exception must be overruled because it was not saved properly; furthermore, assuming that it was based upon the judge's having submitted to the jury a question of law, no prejudicial error appeared since the jury reached the proper conclusion.

It was proper for the judge, at the trial of the action above described, to decline to rule, in substance, that the plaintiff was entitled as of right to recover, in addition to the damages proved, interest thereon from the date of the writ.

TORT for deceit. Writ dated February 15, 1926.

Material evidence at the trial in the Superior Court before *Walsh*, J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor. The jury found for the plaintiff in the sum of $1,200. The defendant alleged exceptions. The plaintiff also alleged an exception, as described in the opinion.

The case was submitted on briefs at the sitting of the court in May, 1929, and afterwards was submitted on briefs to all the Justices.

*V. Brogna,* for the defendant.

*J. M. Graham,* for the plaintiff.

SANDERSON, J. This is an action of tort to recover damages for false representations alleged to have been made by the defendant's agent by which the plaintiff was induced to buy an automobile from the defendant. The case was tried in the Superior Court by a judge and a jury. The defendant made a motion that a verdict be directed for it which was denied and the defendant excepted. There was a verdict for the plaintiff.

The plaintiff testified to the execution of a written contract dated January 13, 1926, which was introduced in evidence. By it he agreed to buy and the defendant to

sell an automobile therein described. This contract provided that it was "agreed by both parties hereto that this contract embodies all the terms and conditions of sale. . . . This automobile is sold as is, where is, and as shown. No guarantee as to year of car . . . . I have read the above before signing. . . ."

The plaintiff testified further to facts which warranted findings that before the contract was executed by the plaintiff and by the defendant acting by its agent, one Elpert, one Donafio, also an agent of the defendant, represented to the plaintiff that the automobile "was a brand new car, taken from [the] . . . floor [of a Portland dealer] and driven from Portland to Boston and put in the defendant's show room," and that the plaintiff relied upon the representations "as to the condition of the automobile and that it was a new automobile just driven from Portland and would not . . . [have] purchased it if he had known otherwise." It was undisputed that the automobile in question was shipped from the factory on April 18, 1925, to a company dealing in automobiles; that it was then a new car; that this company sold it on May 23, 1925, to one Perkins; that it had been in a fire and in September, 1925, Perkins resold it to the dealers; that at that time the entire body above the sill had been burned out; that it was purchased by the defendant from the dealers on October 2, 1925, and was rebuilt and reconditioned for the defendant.

The evidence did not warrant a finding that there was fraud which entered into the making of the contract as distinguished from fraud which was antecedent thereto. This distinction was pointed out in *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170, 174. See also *Butler* v. *Prussian,* 252 Mass. 265, 268; *Eastern Advertising Co.* v. *Shapiro,* 263 Mass. 228, 232. There was no evidence that there was any misrepresentation as to the contents or meaning of the written instrument or any fraud in its execution.

The defendant contends that, in view of the language of the contract, false representations of its agent antecedent to the making thereof do not lay the foundation for an action of tort for damages.

It has been held in this jurisdiction that the parties to a written contract freely and intelligently made may agree that representations not therein contained are not binding upon them, with the result that false representations of an agent antecedent thereto do not constitute a defence to an action upon the contract (*Colonial Development Corp. v. Bragdon,* 219 Mass. 170, *O'Meara v. Smyth,* 243 Mass. 188, *Eastern Advertising Co. v. Shapiro,* 263 Mass. 228), or ground for its rescission (*Boss v. Greater Boston Mortgage Corp.* 251 Mass. 455, see *Sullivan v. Roche,* 257 Mass. 166), though because of the nature of the remedy they may bar specific performance when sought by the fraudulent party. *Florimond Realty Co. Inc. v. Waye,* 268 Mass. 475. It has been said that where there is such an agreement the antecedent fraud does not "afford ground for an independent action," *Colonial Development Corp. v. Bragdon, supra,* at page 174, and that "Without serious doubt, parties to a contract may agree that the terms of their agreement shall be construed to embody within its four corners every material element, and that no misrepresentation of fact, other than a false representation of the nature of the instrument to be executed, shall be deemed to be a warranty in the case of a sale or lay the foundation for an action of deceit." *Reinherz v. American Piano Co.* 254 Mass. 411, 421–422. In *Florimond Realty Co. Inc. v. Waye,* 268 Mass. 475, 479, 480, the court said, "The principle on which *Colonial Development Corp. v. Bragdon,* 219 Mass. 170, and similar cases . . . rest . . . is confined within narrow limits," and "is not to be enlarged." In *Colonial Development Corp. v. Bragdon, supra, Sullivan v. Roche, supra, O'Meara v. Smyth, supra,* and *Boss v. Greater Boston Mortgage Corp. supra,* the contracts in express terms provided either that no agent had authority to make representations not contained in the contract or that no representations had been made except those therein stated. In *Eastern Advertising Co. v. E. L. Patch Co.* 235 Mass. 580, and *Eastern Advertising Co. v. Shapiro, supra,* the words of the contract were, "No verbal conditions made by agents will be recognized. Every condition

must be specified on the face of this contract." In the first of those cases it was held that representations that the contract might be cancelled within thirty days were not admissible to affect the contract, and in the second, that representations that the contract was experimental and not to be enforced if not necessary were held inadmissible. These statements were in the nature of promises adding terms to the contracts and not false representations which might give rise to a right of action for deceit.

As a general proposition fraud vitiates every contract at the election of the injured party. *Granlund* v. *Saraf,* 263 Mass. 76, 79.

There is another general rule equally well recognized to the effect that when parties without fraud or mistake have reduced their contract to writing, it is presumed to express the final conclusion reached, and all previous or contemporaneous oral discussion or written memoranda are assumed to be rejected or merged in it. *Goldenberg* v. *Taglino,* 218 Mass. 357, 359. *Spevack* v. *Budish,* 238 Mass. 215, 217. *Western Newspaper Union* v. *Dittemore,* 264 Mass. 74, 77. *Canton* v. *Thomas,* 264 Mass. 457, 459. It is this principle which has been held applicable in the group of cases already cited and illustrated by *Colonial Development Corp.* v. *Bragdon, supra,* although in them there were also express agreements relating to representations. These cases constitute no exception to the general rule that fraud vitiates every contract at the election of the injured party. It does not authorize parties to attempt to provide by written contract that there shall be no liability for fraud.

In the case at bar the agreement did not provide that all inducements to the making thereof were set forth in it. The action is not brought on the contract or for a violation of its terms. The plaintiff is seeking in this action not to change the "terms and conditions of sale" or to prove that there was a guaranty as to the year when the automobile was made but to recover in tort for the defendant's fraud in inducing him to agree to the terms of the written agreement. The words "as is" in the contract

cannot be held to deprive the plaintiff of the right to prove fraudulent misrepresentations inducing the execution of the contract. See *Butler* v. *Prussian,* 252 Mass. 265; *Reinherz* v. *American Piano Co.* 254 Mass. 411, 421.

The judge was right in refusing to direct a verdict for the defendant, and no error appears in his refusal to give the requested rulings to which exceptions were saved. The duty of the buyer to inspect when opportunity is given was sufficiently explained to the jury.

The bill of exceptions states that counsel for the defendant directed the attention of the judge to that part of the charge to the jury pertaining to the construction of the written agreement. The judge declined to change his charge and the defendant duly excepted. It does not clearly appear that the attention of the judge was directed to any particular thing he said concerning the construction of the contract nor did the defendant specify what change in the charge should be made. Upon this state of the record no valid exception to the charge seems to have been saved. If it be assumed that the objection was intended to be to the part of the charge in which the judge submitted to the jury the decision of the question whether the parties intended that previous representations should be merged in the written agreement with the direction that they return a verdict for the defendant unless they found that the parties did not so intend, the defendant has suffered no harm. The verdict was based upon the false representations, and, in so far as the jury were permitted by this ruling to pass upon a question of law, they correctly decided that the false representations were not merged in the written agreement.

The plaintiff excepted to the refusal of the judge to rule that he was entitled to recover, in addition to damages proved, interest thereon from the date of the writ. The plaintiff is seeking not to recover money paid out by him but an unliquidated sum equal to the difference between the value of the automobile received and its value if it had been as represented. Damages in deceit do not become a definite obligation until the verdict or finding is recorded.

The judge was right in refusing to give the ruling requested. See *Cochran* v. *Boston,* 211 Mass. 171, 172; *International Trust Co.* v. *Myers,* 241 Mass. 509, 516.

*Exceptions overruled.*