Rowe, J.
In this action the payee of a promissory note seeks to recover a balance alleged to be due thereon from the maker, who signed not only the note, but also an agreement in connection therewith. There was a finding for the defendant. The plaintiff claims to be aggrieved by reason of the denial of its requests for rulings and by the ruling which is incorporated in the last sentence of the finding’s of fact which were made by the trial judge. The trial judge made the following findings of fact, they being warranted by the evidence:
*377 This is an action of contract brought by the writ dated November 23, 1937. Plaintiff seeks to recover the amount of a promissory note executed by the defendant.
The defendant’s amended answer is a general denial and an allegation that the contract and note were entered into upon his part because of fraud practiced upon him by the plaintiff’s agent or servant.
From all the evidence it appears that the defendant’s son, a minor, was interested in taking a course with the plaintiff’s correspondence school. The plaintiff’s representative called upon the defendant at his home and discussed the proposed course. The defendant neither reads nor writes the English language. AH'the conversation with him was carried on through the defendant’s son. It was represented to the defendant that the course would cost five dollars ($5.00) per month, and that it could be dropped at any time, if any difficulty arose, either with regard to the health of the defendant’s son or the ability of the defendant to pay any further sums.
A note and agreement were presented to the defendant to sign. The contents of neither paper was read to the defendant. I find that his signature was obtained on the basis of the representation already referred to. Neither the note nor the agreement contained the terms of the oral agreement. I rule that fraud was practiced upon the defendant and the claim against him cannot be enforced.
The plaintiff in its brief, says that the following questions are raised, (1) Did the evidence warrant a finding that there was such fraud practiced upon the defendant that by reason thereof the note or contract was thereby vitiated? (2) Was the answer sufficient to put in issue the question of fraud? (3) Assuming that there was such fraud practiced upon the defendant did the mere establishing of that fact without further proof in and of itself absolve the defendant from liability?
(1) As to the evidence warranting a finding that there was such fraud practiced on the defendant that by reason thereof the note or contract was thereby vitiated: The cru *378 eial portion of the findings is contained in the three following sentences of the last paragraph: “The contents of neither paper was read to the defendant. I find that his signature was obtained on the basis of the representations already referred to. Neither the note nor the agreement contained the terms of the oral agreement.”
The plaintiff argues that the conversation relative to the $5 per month and that the course could be dropped under certain circumstances was but preliminary and not equivalent to a statement as to the contents of the written agreement. To be a complete express contract, its terms must be set forth. Terms were orally stated and the agreement was given to the defendant, who cannot read or write our language, and to whom the agreement was not read. It was permissible for the trial judge to draw the inference that the conversation referred to the agreement as given to the defendant to sign. As that would be a rational inference, the general finding for the defendant cannot be disturbed as there was evidence to support it on the question of fraud in the making of the contract. Moss v. Old Colony Trust Co., 246 Mass. 139, 143; Snow v. City of Marlborough, Mass. Adv. Sh. (1938) 1755, 1758, 1761.
The plaintiff also argues that if the above statements as to $5 per month and dropping the course were equivalent to a statement that the agreement did contain them, then that as the agreement states that the agent had no authority to. change the agreement, that was the only one he was authorized to make and that the defendant by signing had so agreed. There are several cases beginning with Cannon v. Burrell, 193 Mass. 534 where it is held that one is not relieved of his written obligation by the agreement or representations made by agents where the contract which is signed states that the agent does not have such authority or that the contract contains all the agreements and representations* These cases, involving antecedent inducement *379 to the signing of the contract do not apply where the fraud is in esse contractus.
To state to one who cannot read or write our language, that the agreement which is offered him to sign does contain certain material terms, but which terms in reality are omitted, and he relying on the statement, signs the agreement, creates a fraud in the making of the contract. The distinction between fraud antecedent to the contract and fraud which is in the making of the contract was pointed out in Colonial Development Corp. v. Bragdon, 219 Mass. 170, 174; and in Butler v. Prussian, 252 Mass. 265, 268 it is said that “fraud which enters into the making of the contract as distinguished from that which is antecedent to it, cannot be excluded from the reach of the law by any form bf phrase inserted in the contract itself. Parties may stipulate that the statements inducing its execution are all included in its recitals and that no agent has authority to make any representations not therein contained. But they cannot by written words prevent the law from inquiring into, and granting redress for, fraud which enters into the very substance of the contract itself.” The court in that case further says that such distinction is an implication of International Textbook Co. v. Martin, 221 Mass. 1, which ease is relied on by the plaintiff. See also Hashem v. Massachusetts Security Corp., 255 Mass. 29, 32. Trambly v. Ricard, 130 Mass. 259.
As there was evidence warranting the finding of fraud there was no error in denying the plaintiff’s requests on this point.
(2) Was the answer, sufficient to put in issue the question of fraud? The plaintiff at the close of the trial and before arguments also filed the following request for ruling, “ (3) As a matter of law the answer as filed by the defendant is insufficient to support a finding that the note was procured by fraud.” This request was denied. The portion of the *380 defendant’s answer dealing with the defence of fraud is as follows; “Further answering the defendant says that the plaintiff, its agents or servants, did practice fraud, deception and imposition upon him, and that, therefore, the defendant denies any obligation on his part .on the alleged contract, as a result of the said fraud, deception and imposition practiced upon him.”
The answer certainly alleged fraud, but the complaint of the plaintiff is that it did not state clearly and precisely each substantive fact as provided by G. L. (Ter. Ed.) c. 231 sec. 28. The plaintiff did not make a direct attack upon the answer by demurring thereto for such reason, G. L. (Ter. Ed.) c. 231. see. 18 Fourth, nor ask for further particulars, Goodsell v. Trumbull, 135 Mass. 99, but sought to attack it indirectly by a request to the effect that it would not support a finding of fraud because of want of detail in its allegations.. There was no error in denying the plaintiff’s 3rd request for ruling.
(3) Assuming there was such fraud practiced upon the defendant, did the mere establishment of that fact without, further proof in and of itself absolve the defendant of liability? The plaintiff says it is apparent from the court’s memorandum of findings of fact that the court in r.eachingits ultimate conclusion was in fact ruling that the note and agreement having been procured by fraud, the defendant was therefore exonerated from liability. The plaintiff, on this point, has argued the question of necessity of defendant proving rescission or damages in recoupment in connection with fraud being shown in order to relieve the defendant of his obligation. But the ruling is to be construed! as applying only to the findings of fact in which it is contained and nothing appears there which makes the plaintiff’s above argument apphcable.
There was no error in the court’s rulings.

Report dismissed..