Estes, P. J.
The plaintiff seeks to recover for the purchase of a set of books for which the defendant signed a contract containing an order. The answer sets up the defense of fraud. . .
The defendant filed requests asking the Court to rule that the evidence warranted a finding of fraud. The Court denied the requests, and found for the plaintiff.
No written findings appear to have been made, nor was any reason given for denying the requests.
1. There was evidence that the defendant signed a contract which contained an order for a set of books because he relied upon statements of the solicitor of the plaintiff, which statements were false. There was evidence, if believed, which tended to prove that the solicitor showed the defendant pictures of disabled and wounded war veterans, *327 and asked the defendant if he could spare ten cents a day, or three dollars in all for the disabled veterans; that he gave the defendant a card in which ten cent coins could be inserted, and asked the defendant to sign a paper which he said was an acknowledgment that the defendant had received the card, that it was a receipt for the card.
The contract, offered in evidence, was lengthy, and contained the order for the books at the price of $79.50, plus transportation charges. It also contained the provision that “this contract is not subject to cancellation and will not be affected by any agreement not endorsed hereon”. It further said, “Received $3.00, Balance $3.00 monthly”.
The defendant, the only witness, was called by the plaintiff. He testified that he did not read the instrument, but that he relied on the solicitor’s statement and signed it.
The evidence, if believed, would warrant a finding that the defendant was fraudulently induced to sign the contract; that he relied upon the false representation of a material fact; and would warrant a finding for the defendant.
“One party cannot enforce a contract against another whose signature he has procured by fraud or fraudulent representations, which induced the signer reasonably to believe and understand that the instrument was substantially different from what it really was.” Boston Five Cents Saving Bank vs. Brooks, 309 Mass. 52 at 55, and cases cited.
The plaintiff argues, however, that since “the contract expressly provides that no representations shall be binding, nor affect the contract unless embodied in the contract”, fraud is not a defense. In support of this contention, it cites Colonial Development Corp. vs. Bragdon, 219 Mass. 170, and several other cases, but not including the earlier leading case of Cannon vs. Burrell, 193 Mass. 534.
*328 Neither the plaintiff or defendant cites Bates vs. Southgate, 308 Mass. 170, in which Mr. Justice Qua exhaustively discusses the line of decisions cited in support of the plaintiff’s argument. At the time of the decisions in Common vs. Burrell and Colonial Development Corp. vs. Bragdon, supra, the argument of the plaintiff was regarded to be sound, but since that time our Supreme Judicial Court has come to recognize that those cases have “met with a generally unfavorable reception in the courts of other jurisdictions and by commentators”, and that the rules apparently laid down by those decisions cannot be supported. See Bates vs. Southgate, supra, at page 181.
The latter case also states on page 183 that “whatever effect such clauses ¡may normally have as a protection to the principal, it would seem that they should not enable him, to enforce for his own benefit a contract procured through the actual fraudulent misrepresentations of his agent, whether that fraud is ‘antecedent’ to the contract or ‘enters into the making’ of it. If the principal insists upon the contract, he must take it with the defect which his agent has implanted in it.” See cases and authorities cited.
• In view of the later decisions of our Supreme Judicial Court cited above, and others, we are of the opinion that the denial of the defendant’s first three requests were error, and a new'trial must be ordered. We are unable to find from the record on what the Court based its findings. 2. In view of the above, we do not feel that it is necessary to discuss the remaining requests of the defendant. They seem to us, however, to have been properly disposed of.
New trial ordered.