Flatley, J.
This is an action in contract commenced in the Malden Division of the District Court Department in which the plaintiff, a firm of public insurance adjusters, sought to recover for professional services under a written contract with thedefendantsintheamountof$2,059.42.Theplaintiffhas appealed to this Division from the trial court’s finding for the defendants.
The defendants’ answer raised affirmative defenses of false representation, duress and undue influence. While the defendants did not plead it in their answer, the defendants were permitted at trial to raise the additional defense of illegality. The defendants contended specifically that the contract, executed by them in their home, did not contain any language giving the defendants the right to cancel the agreement and that such language was required by G.L c. 93, §48.
After trial, judgment was entered for the defendants. The trial court filed a memorandumofdecision which included extensive subsidiaryfindingsoffacLThe court expressly found that the contract was illegal on its face for failure to include a three day right of rescission or cancellation clause as required by G. L c. 93, §48.
The court also found, as a “separate and distinct ground” for its general finding for the defendants, that the contract was unenforceable because there was fraud in the inducement in the form of misrepresentations by the plaintiff upon which the defendants relied in entering the contract.
The plaintiff timely filed Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law; The plaintiff s requests for rulings, and the trial court’s disposition of these requests, were as follows:
2. That on all the evidence and pleading in the case a finding for the plaintiffs is required.
DENIED.
3. That Rule 8(c) of the Massachusetts Rules of Civil Procedure makes it *84 mandatory that the defense of illegality be specifically pleaded. ALLOWED AS A GENERAL PRINCIPLE OF LAW BUTNOT APPLICABLE TO THIS CASE.
4. A defendant cannot avoid an obligation on the grounds of illegality without setting up such alleged illegality in his or her answer.
ALLOWED AS A GENERAL PRINCIPLE OF LAW BUT NOT APPLICABLE TO THIS CASE.
5. The burden is on the defendant to allege and prove a contract illegal under the statute.
ALLOWED.
6. In a contract action, the trial court must strike that portion of the defendant’s testimony which relates to the affirmative defense of the illegality of the contract which the defendant failed to plead in his answer by the Rules of Civil Procedure.
ALLOWED AS A GENERAL PRINCIPLE OF LAW BUT NOT APPLICABLE TO THIS CASE.
7. The contract between the plaintiff and the defendants does not fall within the provisions of G. L c. 93, s. 48 inasmuch as the services that were to be performed by the plaintiff are not of a merchantile [sic] nature.
DENIED.
The plaintiff now claims to be aggrieved by these rulings.
Plaintiffs request number two for arequired finding in its favor essentially sought a determination that there was no evidence which would support a general finding for the defendants. Memishian v. Phipps, 311 Mass. 521, 522-523 (1942). The court’s judgment for the defendants was predicated on two separate and distinct grounds; namely, that the parties’ contract was both illegal on its face and the product of fraud and misrepresentation. In support of the latter finding, the trial judge found thatthe defendants had suffered a serious house fire; that the plaintiff adjuster appeared, unsolicited, at the defendants’ home before the fire trucks left; that the adjuster convinced the homeowners that they needed an adjuster in order to recover from their insurance company and implied that the insurance commissioner required adjusters to negotiate claims. These subsidiary findings clearly warranted the trial court’s ultimate finding that the contract was procured by fraud, was voidable and was thus unenforceable against the defendants. Cherry v. Crispin, 346 Mass. 89, 92 (1963); Connelly v. Fellsway Motor Mart, Inc., 270 Mass. 386, 390 (1930). Accordingly, there was no error of law in the court’s denial of plaintiff’s request number 2 that on all the evidence, a finding for the plaintiff was required. Hoffman v. Chelsea, 315 Mass. 54, 55 (1943).
Because we uphold the trial court’s decision on the dispositive basis of fraud and misrepresentation, we need notreach other issues raised on this appeal byplaintiffs requests for rulings 2 through 7. It is unnecessary, therefore, to address the court's ruling, that this type of contract is governed by G.L c. 93, §48 and required a right of rescission clause. See, generally, North Shore Corp. v. Selectmen, Topsfield, 322 Mass. 413, 416 (1948).
The trial court’s judgment for the defendants is affirmed. Report dismissed.